IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DONALD AND SUSAN SMITH, § § Plaintiffs, § § v. § § FIRST HORIZON HOME LOAN § CORPORATION AND OCWEN LOAN § SERVICING LLC, as Servicer for the § for the Secretary of Veterans Affairs, § § Defendants. § | CASE NO. 4:09CV366 |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT SECRETARY'S MOTION TO DISMISS**

Now before the Court is Defendant Secretary of Veterans Affairs' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 8).

In this case, Plaintiffs filed suit in state court against Defendant First Horizon Home Loan Corporation (a Kansas corporation), Defendant Ocwen Loan Servicing LLC (a Delaware corporation), and the Secretary of Veterans Affairs. In their complaint, Plaintiffs allege that Defendants failed to give them proper notice of a foreclosure sale of their residence. As to the Secretary of Veterans Affairs specifically, Plaintiffs argue that it was the holder of the Note and Deed of Trust when they assumed it. On July 29, 2009, the Secretary of Veterans Affairs removed this case based on 28 U.S.C. § 1442 which permits removal of cases where federal officers or agencies are sued or prosecuted. Defendant now argues that Plaintiffs' claims against it should be dismissed

1

based on sovereign immunity.

## STANDARD

A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.2d 391 (1994); *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Rodriguez v. Texas Comm'n on the Arts,* 992 F. Supp. 876, 879 (N.D. Tex. 1998) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

As has been argued by the United States in its motion, a plaintiff must show that there has been a valid waiver of sovereign immunity in order to sue the federal government or its agencies. *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007); *Lewis v. Hunt,* 492 F.3d 565, 570 (5th Cir.2007). And, any waiver of the Government's sovereign immunity must appear clearly in statutory text and cannot be implied. *Wagstaff*, 509 F.3d at 664; *Lewis,* 492 F.3d at 570. "Absent a waiver of sovereign immunity, the federal government is immune from suit." *Lewis,* 492 F.3d at 571 (citing *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S. Ct. 1965, 100 L. Ed.2d 549 (1988)).

Therefore, if sovereign immunity has not been waived explicitly by statute, this Court has no jurisdiction over Plaintiffs' complaints against Defendant. *Wagstaff*, 509 F.3d at 664; *Lewis,* 492 F.3d at 571; *see also Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (holding that a lack of waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction"). Plaintiffs have not identified any such statutory authority here.

The Court notes that Plaintiffs have failed to respond whatsoever to the motion to dismiss. After Plaintiffs requested an extension of time to respond to the motion, the Court granted them until December 31, 2009 — more than 100 days after the motion was filed — to respond. There has been no activity on the docket since then. Therefore, pursuant to the Local Rules of this Court, the Court assumes Plaintiffs no longer oppose the dismissal of their claims against Defendant Secretary of Veterans Affairs.

The claims against the other Defendants remain until they are disposed of by motion and order of the Court.

**SO ORDERED.**

**SIGNED this 3rd day of February, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE